# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

FILED

OCT 2 0 2008

William B. Guthrie
Clerk, U.S. District Court

By_____
Deputy Clerk

HARVEY DALE BRADFORD,  )
)
Petitioner,  )
)
v.  )  **Case No. CIV 07-416-RAW-KEW**
)
DANNY HORTON, Warden,  )
)
Respondent.  )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's

petition for a writ of habeas corpus as time barred by the statute of limitations. Petitioner,

an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at

Cimarron Correctional Facility in Cushing, Oklahoma, attacks his conviction in Bryan

County District Court Case Number CF-2003-351 for Child Sexual Abuse and Child

Abuse/Neglect. The respondent alleges the petition was filed beyond the one-year statute of

limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified

at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review
> or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action
> in violation of the Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that petitioner's direct appeal was denied by the Oklahoma Court of Criminal Appeals on June 23, 2006, in Case No. F-2005-169. Therefore, his conviction became final on September 21, 2006, upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court. *See* Sup. Ct. R. 13. Because petitioner did not file an application for post-conviction relief, there is no statutory tolling, and his deadline for filing this habeas corpus petition was September 21, 2007. The petition was not filed by petitioner's counsel, however, until December 3, 2007.

Petitioner's counsel urges the court to toll the limitation period because of counsel's serious illness. Counsel asserts he was found unconscious on September 5, 2007, and hospitalized until September 9, 2007. Counsel, who is a sole practitioner, claims he had a slow recovery and worked intermittently in an attempt to catch up on his work, and he was unable to complete petitioner's habeas corpus petition until November 30, 2007.

The respondent asserts counsel also represented petitioner on direct appeal, and this habeas petition is "basically a 'cut and paste'" of the direct appeal. The respondent further points out that counsel had 15 months from the time the direct appeal was denied to the deadline for filing a habeas petition.

2

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).

> Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient. Moreover, a petitioner must diligently pursue his federal habeas claims . . . .

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations and quotations omitted). To justify equitable tolling, an inmate must make a specific showing of (1) lack of access to relevant materials and (2) the steps taken to "diligently pursue his federal claims." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), *cert. denied*, 525 U.S. 891 (1998).

In *Lawrence v. Florida*, 594 U.S. 327, a petitioner was convicted of first degree murder and sentenced to death. His attorney missed the statute of limitations for filing a federal habeas corpus petition, and the district court found the petition was time barred. The Supreme Court did not allow equitable tolling for counsel's miscalculation of the statute of limitations:

> If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel. *E.g., Coleman v. Thompson*, 501 U.S. 722, 756-757 (1991). . . .
>
> Lawrence has not alleged that the State prevented him from hiring his own attorney or from representing himself. It would be perverse indeed if providing prisoners with postconviction counsel deprived States of the benefit of the AEDPA statute of limitations. *See, e.g., Duncan v. Walker*, 533 U.S. 167, 179 (2001) ("The 1-year limitation period of § 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments").

*Lawrence*, 594 U.S. at ___, 127 S.Ct. at 1085-86 (2007).

3

While sympathetic to counsel's serious illness, he had four months to file a habeas petition after being retained in May 2007. Counsel also had 12 days after his hospital discharge to file a "skeletal" petition *See Johnson v. Quarterman*, 483 F.3d 278, 287 (5th Cir.) *cert. denied*, ___ U.S. ___, 128 S.Ct. 709 (2007). Counsel asserts that after he became ill, he was physically incapable of filing a habeas petition until December 3, 2007. He does not explain, however, why he did not withdraw from the case and arrange for new counsel or advise petitioner to file a *pro se* petition. In addition, petitioner waited almost a year after his direct appeal was denied to engage habeas counsel, and petitioner has not shown that the State prevented him from retaining another attorney or from representing himself. The court, therefore, finds petitioner did not diligently pursue his federal claims, and he is not entitled to equitable tolling.

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #13] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this _20th_ day of October 2008.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

4